IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 16-cv-02549-RBJ

MALIK M. HASAN, M.D.

 Plaintiff,

v.

AMERICAN EXPRESS CENTURION BANK,

 Defendant.

---

ORDER

---

  This case is substantially similar to plaintiff's recently dismissed suit in *Hasan v. Chase Bank USA*, No. 16-cv-01991-RPM (D. Colo. Oct. 12, 2016). Judge Matsch's opinion in that matter applies with equal force here.

  Dr. Malik M. Hasan has one or more credit cards that were issued to him by American Express Centurion Bank (AMEX). ECF No. 2 ¶¶ 7–10. From 2009 to 2012 he used his AMEX card(s) to purchase wine from Premier Cru Fine Wines (Premier Cru), a California merchant. *Id.* ¶¶ 9–10. Dr. Hasan paid AMEX for all of these charges. *Id.* ¶ 10.

  Premier Cru delivered some of the wine that Dr. Hasan ordered but failed to deliver wine for which he had paid at least $379,153.72. *Id.* ¶¶ 10, 13. In January 2016 Premier Cru filed for bankruptcy. *Id.* ¶ 12. The trustee has taken the position that none of the wine in Premier Cru's possession belongs to Dr. Hasan. *Id.* Dr. Hasan subsequently demanded reimbursement for

those credit card charges from AMEX under the Fair Credit Billing Act (FCBA) at 15 U.S.C. § 1661i.

Dr. Hasan filed this civil action to recover that balance in the District Court for the City and County of Denver, Colorado in September 2016. ECF No. 1, Ex. A. AMEX removed the action to this Court on October 13, 2016, ECF No. 1, and filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on November 9, 2016, ECF No. 9.

This case must be dismissed. The FCBA subjects credit card issuers to all contract claims that arise out of their credit card holders' transactions if certain conditions are met. *See* 15 U.S.C. § 1661i(a). But as Judge Matsch explained in *Hasan v. Chase Bank USA*, a card holder's right to assert such a cause of action expires once he pays off the corresponding credit card balance. No. 16-cv-01991-RPM (D. Colo. Oct. 12, 2016), ECF No. 24. The FCBA expressly limits these claims to "the amount of credit outstanding with respect to such transaction at the time the cardholder first notifies the card issuer" of the claim. 15 U.S.C. § 1666i(b).

Dr. Hasan admits that he promptly paid AMEX for his wine orders. ECF No. 2 ¶ 10; *see also* ECF No. 23 at 9 (attaching a 2012 AMEX statement summary showing full payment of all charges). Indeed, Dr. Hasan made these payments several years before Premier Cru failed to deliver his orders. *See* ECF No. 2 ¶¶ 9–10, 12. Therefore, Dr. Hasan has no FCBA right to sue AMEX for Premier Cru's breach of contract. *See Moynihan v. Providian Fin. Corp.*, No. Civ. JFM-02-2795, 2003 WL 21841719, at *3 (D. Md. July 14, 2003) (granting summary judgment against plaintiff alleging right to sue under FCBA where plaintiff "did not withhold payment" from credit card issuer); *Beaumont v. Citibank*, No. 01 Civ. 3393, 2002 WL 483431, at *7

(S.D.N.Y. Mar. 28, 2002) (dismissing claim brought under FCBA where plaintiff "has not alleged that there was any amount of credit outstanding at the time he first notified [defendant credit card issuers] of his claim or defense, or that any amount remained outstanding when he filed suit").

Dr. Hasan's alternative interpretation of 15 U.S.C. § 1661i is incorrect. He argues that "the amount of credit outstanding" can refer to a card holder's extending credit to a merchant for goods or services that are to be delivered at a future date. It cannot. The text, context, and purpose of this provision make plain that "credit outstanding" refers only to a credit card issuer's extending credit to a credit card holder. *See* 15 U.S.C. § 1666i(b) (explaining how to apply "payments and credits to the *cardholder's account*" "[f]or the purpose of determining the amount of credit outstanding in the preceding sentence") (emphasis added); *see also id.* § 1601(a) ("The Congress finds that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of *consumer credit* would be strengthened by the informed use of credit.") (emphasis added).

### ORDER

For the foregoing reasons,

1. Defendant American Express Centurion Bank's Motion to Dismiss [ECF No. 9] is GRANTED. As the prevailing party, defendant is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

2. Defendant American Express Centurion Bank's Motion for Leave to Notify Court Regarding a Pertinent District of Colorado Opinion [ECF No. 31] is MOOT.

DATED this 17th day of February, 2017.

4

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge